UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBO VENTURES, LLC,<br><br> Plaintiff,<br><br>v.<br><br>BT SUPPLIES WEST, INC.,<br><br> Defendant. | Case No. 22-11412<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER
RESOLVING ORDER FOR BT SUPPLIES WEST TO SHOW CAUSE
AND GRANTING DEFAULT JUDGMENT
IN FAVOR OF ROBO VENTURES**

  In 2021, ROBO Ventures, LLC entered into an agreement with BT Supplies West, Inc. for the sale of 7,056 cases of blue nitrile gloves. The agreement contemplated that ROBO Ventures would provide the gloves to BTS and BTS would resell the gloves and pay ROBO Ventures $147.60 per case. ROBO Ventures says it held up its end of the bargain and delivered the gloves to BTS. But according to ROBO Ventures, BTS did not pay for the gloves in compliance with the parties' agreement. So ROBO Ventures sued BTS for breach of contract, account stated pursuant to Michigan Compiled Laws § 600.2145, and unjust enrichment under Michigan law. (ECF No. 1.)

  The case appeared to be progressing in the usual course until defense counsel filed a motion to withdraw. (ECF No. 25.) The Court set a hearing on that motion for May 24, 2023. (ECF No. 26.) As is routine when such motions are filed in cases

involving corporations, the original notice stated, "A representative of the defendant is required to attend." (*Id.* at PageID.195.) A copy of the motion to withdraw was served on BTS (ECF No. 25-1, PageID.194), and counsel informed BTS' principal, Steve Odzer, of his or another representative's required appearance at the hearing (ECF No. 29-1, PageID.363). Counsel also reminded Odzer and BTS of the hearing two days before it was set to take place. (*Id.* at PageID.362.)

That same day, on May 22, 2023, Odzer informed his counsel that he had a medical issue that precluded his attendance at the hearing. (ECF No. 29-1, PageID.362.) On May 23—one day before the scheduled hearing—counsel filed a motion to reschedule the hearing, which included a declaration from Odzer, stating that he was aware that "the Court required that I attend that hearing in person," and that he was experiencing medical issues. (ECF No. 29-2.) Odzer requested that the Court either reschedule the hearing for the week of June 5 or permit him to attend by telephone. (*Id.* at PageID.367.)

In a text order, the Court granted an adjournment. (Text Order, May 23, 2023.) It clarified that it required a representative of BTS to appear in person, but that the representative did not have to be Odzer specifically. (*Id.* ("Defendant's only obligation was to send 'a representative.'").) The Court rescheduled the hearing for June 8, 2023 and explained that if "Odzer is unable to attend, then another defendant representative is to attend in his place." (*Id.*)

As planned, the Court held the hearing on the motion to withdraw on June 8, 2023. No representative from BTS was present. Defense counsel informed the Court

2

that Odzer was available by telephone, despite the Court's instructions that a representative appear in person.

The Court granted defense counsel's motion to withdraw but did not stay the case any further as BTS had one month since the filing of the motion to secure new counsel. (ECF No. 31, PageID.373.) It also noted that BTS is required to be represented by counsel in order to proceed in this case. (*See id.* (citing 28 U.S.C. § 1654; *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)).) New counsel has yet to appear for BTS.

So the Court issued a show-cause order "as to why [BTS] should not be sanctioned for failing to have a representative appear at the hearing as ordered by the Court and to show cause as to why the Court should not enter a default judgment on behalf of ROBO Ventures, LLC for BTS' failure to be represented by counsel." (ECF No. 33, PageID.382–383.) The response was due on June 20, and yet the Court has received nothing from BTS.

Accordingly, as stated in the show-cause order, the Court will enter a default judgment in favor of ROBO Ventures for BTS' failure to comply with court orders and failure to retain counsel.

Federal Rule of Civil Procedure 16(f) allows the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." In turn, Rule 37(b)(2)(A) lists possible sanctions, which include "rendering a default judgment against the disobedient party[.]" Sanction decisions are reviewed for an abuse of

3

discretion. *Prime Rate Premium Finance Corporation, Inc. v. Larson*, 930 F.3d 759, 768 (6th Cir. 2019). To guide a district court's discretion, the Sixth Circuit has provided four factors it considers when determining whether a case-ending sanction was an abuse of discretion: (1) whether the failure to comply was "due to willfulness, bad faith, or fault"; (2) "whether the adversary was prejudiced by the dismissed [or defaulting] party's failure" to comply; (3) "whether the dismissed [or defaulting] party was warned that failure to cooperate could lead to dismissal [or default]" and (4) "whether less drastic sanctions were imposed or considered before dismissal [or default] was ordered." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

The Court finds that default judgment is the appropriate sanction in these circumstances. For one, BTS was given numerous chances to comply with this Court's orders. Despite the late notice, the Court rescheduled the hearing on the motion to withdraw to accommodate BTS' principal. Then, it issued a show-cause order giving BTS another chance to retain counsel and to explain why a representative did not appear at the rescheduled hearing. Yet, BTS has not complied, despite the Court's many explanations of what it required and why. And BTS' former counsel has provided evidence that BTS has been made aware of the Court's orders. (ECF No. 29-1, 32-1.) So the Court is hard pressed to find that BTS' noncompliance is a result of mere negligent or unknowing conduct.

Further, BTS' noncompliance prejudiced ROBO Ventures. The Court has advised BTS that it must secure counsel in order to move forward in this case. *See*

*Rowland,* 506 U.S. at 202 ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). If BTS does not secure counsel, the case cannot move forward, which is undoubtedly detrimental to ROBO Ventures. *See United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, No. 3:15-CV-00609, 2019 WL 5579553, at *5 (W.D. Ky. June 6, 2019) ("DNJ's blatant failure to comply with multiple Orders from the Court admonishing DNJ to secure substitute counsel detrimentally prevents any forward movement in this case."). And that is not to mention the other delays caused by BTS' failure to send a representative to the hearing on the motion to withdraw.

Finally, BTS was warned that the Court was considering entering a default judgment against it if it failed to comply with the Court's order to be represented by counsel. (ECF No. 33.) And BTS was given an opportunity to explain why a default judgment was not the appropriate sanction but failed to do so. (*Id.*) The Court sees no reason to impose a lesser sanction and give BTS another opportunity to disregard an order from the Court.

And importantly, a lesser sanction would not cure BTS' failure to not have counsel. In like circumstances, courts have found that entering default judgment against an unrepresented corporation is appropriate. *See Youngsoft, Inc. v. Skylife Co., Inc.*, No. 20-12800, 2021 WL 5411958, at *2 (E.D. Mich. Oct. 12, 2021) (collecting cases).

In sum, the Court finds that all relevant factors weigh in favor of entering default judgment against BTS.

As for damages, ROBO Ventures has provided the following summary of its allegations: "Defendant ordered from Plaintiff 7,056 cases of blue nitrile gloves at the rate of $147.60 per case, which Plaintiff agreed to provide to Defendant on a consignment-basis based on Defendant informing Plaintiff that Plaintiff would be paid contemporaneous with Defendant selling the gloves, and that Plaintiff would end up whole and profitable. Defendant confirmed its promise to Plaintiff and further stated, after having taken delivery of the gloves, that payment would be made regularly. Plaintiff relied upon the Defendant's fraudulent statements, and was damaged accordingly." The Court accepts these allegations as true. *See New London Tobacco Market, Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022) ("The effect of a default judgment is that the 'factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true.'" (quoting in part 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 2688.1 (4th ed. 2022))).

As such, judgment will be entered for ROBO Ventures in the amount of $1,041,465 plus statutory interest from the date of filing. The Court sees no basis to award attorney's fees for this breach-of-contract action. A written judgment will follow.

SO ORDERED.

Dated: July 14, 2023

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE